Exhibit 1

# Richard P. Caro, A.B., M.A.T, J.D.

| 724 N. Northwest Hwy. | rpc29@yahoo.com | 62B Jacksons Run |
| --- | --- | --- |
| Park Ridge, IL 60068 | (312) 561-4171 | Santa Rosa Beach, FL 32459 |
| | (312) 375-1415 Cell | |

March 27, 2017

Lucy B. Bednarek, Atty.
Ancel Glink
140 South Dearborn Street
Suite 600
Chicago, IL 60603

Matthew Henderson, Esq.
Hinshaw & Culbertson LLP
222North LaSalle Street
Suite 300
Chicago, IL 60601-1081

Re: S. Jain Et Al. v. Butler Il. Sch. Dis. 53, No. 17-cv-2 (N.D. IL)

Dear Counsel,

This is in response to Ms. Lucy B. Bednarek's March 21, 2017 letter to me. The proposed resolutions will also apply to the discovery requests made of Defendants Massey and Roselli.

## ADMISSION REQUESTS

Since your initial document production will likely provide many of the answers sought in the Admission Requests, I withdraw the Admission Requests. I do, request, that you produce those documents as soon as any are ready rather then wait to the last day they are to be produced.

## INTERROGATORIES

For all the Defendants, I reduce the number of Interrogatories to 25 and eliminate the following:

Board Members & Hanzlik: 15,26-28, 27-33. The second No. 26 is not withdrawn.

Wennstrom: 9, 10,19, 27 and 30.

Owen: 17, 26-29.

Massey: 22, 25, 28, 29.

Roselli: 1, 2, 3, 17.

## ATTORNEY CLIENT PRIVILEGE

As for the issue of the attorney-client privilege, it was waived by the February 8, 2016, announcement that every aspect of the investigation and the actions taken by the Superintendent were done with approval of counsel and was also waived by the disclosure of some communications with counsel. Once the privilege has been waived in a matter, it is waived for all such communications respecting that matter. I also note that email communications are not protected by the attorney-client privilege since courts have held that they do not meet the strict standards for establishing confidentiality.

As for the Defendants Hanzlik, Wennstrom, Voliva, Owen, Roselli and Massey, the pleadings adequately state grounds for the inapplicability of the privilege. I suggest that the Magistrate be given the documents for which the privilege is claimed to determine whether they support Plaintiffs' allegations, in which instance, I believe we would all agree that the privilege is not applicable. I think this will resolve the issue for all the Defendants since if the privilege is not applicable, those communications will be disclosed.

Plaintiffs also have proposed a comprehensive Confidentiality Agreement which should protect all the disclosures being made by all parties, including, but not limited to attorney-client communications.

## THE BOARD'S CONFIDENTIAL CONSIDERATIONS

Absent the voluntary waiver of any such privilege, I will have to assume that the Board Members were fully informed of all the issues, the wrong doing effected by the alleged conspirators, and on that basis approved their actions and decisions, and the harmful effects suffered by the Plaintiffs. If the defense of the Board Members, excluding Hanzlik, is that they were not fully informed and relied on the representations and work of the Defendant Conspirators, then that privilege needs to be waived. It will create a conflict, and the question arises whether the School District and the Board Members, excluding Hanzlik, should have separate representation. Please let me know how you will proceed, whether you will withdraw that objection.

## DOCUMENT PRODUCTION

Instruction 17 has been objected to. You may substitute the Magistrate's standard instruction for objecting to disclosure of a document based on the assertion of the attorney-client privilege or any other privilege. Instruction 17 is to the same effect and was used and approved in the post 9-11 *Turkman* federal case against numerous federal officials involving the alleged wrongful arrest, detention and physical abuse of illegal immigrants.

Since your initial document production will produced many, if not most of the requested documents not subject to the assertion of a privilege objection, the additional documents should be produced simultaneously with your initial document production. You may just respond to a document request that the requested documents have been produced as part of the initial document production, and, where there are additional documents, that additional documents are being produced in response to the document request.

## THE THIRD AMENDED COMPLAINT

As stated in Court, I will file a motion for leave to file a Fourth Amended Complaint.

## SETTLEMENT POSSIBILITIES

Plaintiffs are open to settling this case after initial discovery is had, assuming that the Defendants' disclosures are adequate to establish what, if any, wrongdoing alleged occurred. I assume the privilege issues will have to be resolved first unless we agree that for the purposes of considering settlement, the privilege objection will not be asserted but reserved for later determination by the Court and that all privileged documents disclosed will be kept strictly confidential and not used for any other purpose or disclosed to any third party.

## CONCLUSION

I hope this response to the objections raised resolves most of your objections and provides a basis for moving forward.

Yours truly,

*Richard P. Caro*

Richard P. Caro