**TRANSCRIBED FROM DIGITAL RECORDING**

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| S. JAIN, for herself, and as parent of and for her son "A," a minor, ) | Docket No. 17 C 2 |
| Plaintiffs, ) | |
| vs. ) | |
| BUTLER ILLINOIS SCHOOL DISTRICT 53, et al., ) | Chicago, Illinois |
| ) | August 31, 2017 |
| Defendants. ) | 9:26 o'clock a.m. |

TRANSCRIPT OF PROCEEDINGS - STATUS AND MOTION
BEFORE THE HONORABLE SIDNEY I. SCHENKIER, MAGISTRATE JUDGE

APPEARANCES:

For the Plaintiffs:   MR. RICHARD P. CARO (Via Telephone)
                      62B Jacksons Run
                      Santa Rosa Beach, Florida 32459

                      LAW OFFICES OF FREDRICK R. HARBECKE
                      BY:  MR. FREDRICK R. HARBECKE
                      53 W. Jackson Blvd., Suite 1510
                      Chicago, Illinois  60604


* * * * * * * * * * * * * * * * *

PROCEEDINGS RECORDED BY
DIGITAL RECORDING
TRANSCRIPT PRODUCED BY COMPUTER

**\*\*\* PLEASE NOTIFY OF CORRECT SPEAKER IDENTIFICATION \*\*\***
**NOTE:   FAILURE TO STAND NEAR THE MICROPHONE MAKES PORTIONS**
**UNINTELLIGIBLE AND INAUDIBLE**

```
 1  APPEARANCES  (Continued):

 2
    For the School District   ANCEL, GLINK, DIAMOND, BUSH, DICIANNI
 3  Defendants:                  & KRAFTHEFER, P.C.
                              BY:  MS. DARCY L. PROCTOR
 4                            140 S. Dearborn St., 6th Floor
                              Chicago, Illinois  60603
 5

 6  For the Defendants        HINSHAW & CULBERTSON
    Massey and Roselli:       BY:  MS. KATHERINE G. SCHNAKE
 7                            222 N. LaSalle St., Suite 300
                              Chicago, Illinois  60601
 8

 9  Transcriber:              MS. JOENE HANHARDT
                              Official Court Reporter
10                            219 S. Dearborn Street, Suite 1744-A
                              Chicago, Illinois  60604
11                            (312) 435-6874

12

13

14

15

16

17

18

19

20

21

22

23

24

25
```

1    THE CLERK:  Case No. 17 C 2, Jain, et al., vs. Butler
2  Illinois School District 53, et al.  Status.
3    THE COURT:  Good morning.  Why don't we have the
4  attorneys in the courtroom identify themselves, starting with
5  plaintiff's counsel.
6    MR. HARBECKE:  Fred Harbecke for plaintiff, local
7  counsel.
8    MS. PROCTOR:  Good morning, your Honor.
9    MR. CARO (Via Telephone):  Richard Caro for plaintiff
10  on the phone.
11    MS. PROCTOR:  Darcy Proctor on behalf of the School
12  District defendants.
13    MS. SCHNAKE:  Kate Schnake on behalf of defendants
14  Massey and Roselli.
15    THE COURT:  All right.
16    We had set the matter for status, but I have also
17  received two motions, a motion to compel disclosure -- this is
18  plaintiff's motion -- and a motion by plaintiff for
19  reconsideration and to seal documents, to which there is a
20  response.
21    Let me start with the status.  I think the last
22  deposition was to take place yesterday?
23    MS. PROCTOR:  Yes.  And did it go forward and has been
24  completed.
25    THE COURT:  So, all of the deposition discovery has

```
 1  been completed?
 2           MS. PROCTOR:  Correct.
 3           THE COURT:  All right.
 4           So, let's turn to the motion to compel disclosure.
 5  What does the defense have to say about that?
 6           MS. SCHNAKE:  The document -- Mr. Caro had asked for
 7  disclosure of the attachment to an e-mail that is Bates labeled
 8  RS021571.  As I indicated in an e-mail to him, there is no
 9  attachment.  So, there is no document that I could have
10  produced.
11           THE COURT:  Right.
12           Go ahead, Mr. Caro.
13           MR. CARO (Via Telephone):  They -- the privilege log
14  was produced this year -- this spring; and, a year-and-a-half
15  ago, they produced a summary --
16           THE COURT:  Mr. Caro?  Mr. Caro?
17           MR. CARO (Via Telephone):  Yes?
18           THE COURT:  I don't want to know anything about a
19  year-and-a-half ago right now.
20           MR. CARO (Via Telephone):  Oh, I am saying that --
21           THE COURT:  We were talking about --
22           MR. CARO (Via Telephone):  -- Exhibit 2 was never
23  privileged.  And if there was a document attached to that
24  e-mail, they claimed it was privileged.  It doesn't exist
25  anymore.
```

1     THE COURT: Mr Caro --

2     MR. CARO (Via Telephone): It has been removed.

3     THE COURT: Mr. Caro --

4     MR. CARO (Via Telephone): Sorry.

5     THE COURT: -- you both may be correct. Okay?

6     The defense is correct that with respect to the documents Bates 021457, which was an e-mail from Ms. Wennstrom to Ms. Roselli dated January 23rd of 2016, I held that the communication -- I am sorry, 21571, wrong e-mail -- from Ms. Wennstrom to Ms. Roselli dated January 19th, there was text in the e-mail from Wennstrom to Roselli which I sustained the privilege assertion on.

13    That e-mail forwarded certain notes that I said were not privileged; needed to be produced; and, in fact, had already been produced in the case because that particular portion was Exhibit 2 to the complaint.

17    That e-mail did not attach any notes from Owen, at least as anybody can tell from the e-mail itself. So, there isn't anything that was required by my order last week, in connection with that e-mail, that the defense was required to produce, that it failed to produce. So, they are correct on that.

23    Now, what your motion really addresses are notes that Ms. Owen took during the interview of Plaintiff A on January 19th.

1     Now, there has been a lot of back and forth about it.
2  And jumping ahead a little bit to the other motion and the
3  highlighted privilege log that was on the disk that was served,
4  all of the documents that are highlighted there, in some form
5  or fashion -- and it's about 30 of them -- refer to the Owen's
6  notes or discussion about the Owen's notes.
7     Now, is it the defense assertion that the Owen's notes
8  that she may have taken at the January 19th discussion are
9  privileged?
10         MS. SCHNAKE:  Not --
11         MS. PROCTOR:  No.
12         MS. SCHNAKE:  No.
13         THE COURT:  Okay.
14     Do those notes exist?
15         MS. PROCTOR:  No.
16         THE COURT:  What have you done to ascertain whether
17  the notes exist?
18         MS. PROCTOR:  I had personally interviewed Lisa Owen,
19  my client, to verify that no handwritten notes currently exist.
20         THE COURT:  And do you know what happened to them?
21         MS. PROCTOR:  Yes, I do.
22         THE COURT:  Okay.  All right.
23     And were those topics that Ms. Owen -- Ms. Owen was
24  deposed, correct?
25         MS. PROCTOR:  No.

1      THE COURT: No? Okay. All right.
2      Well, Mr. Caro, I can't make them produce what they
3 say they don't have.
4      MR. CARO (Via Telephone): I understand, your Honor.
5      THE COURT: So, I deny the motion to compel
6 disclosure.
7      So, we then turn to the motion for reconsideration and
8 to seal documents.
9      Is there any objection to the motion so far as it
10 seeks to seal what was filed?
11      MS. PROCTOR: None.
12      MS. SCHNAKE: No.
13      THE COURT: Okay.
14      So, the motion to seal is granted.
15      With respect to reconsideration, I have reviewed the
16 motion, I have reviewed the response, I have reviewed the
17 reports by Ms. Massey that were prepared and I deny the motion
18 for reconsideration.
19      One of the arguments that is raised by the plaintiff
20 is that you didn't have the Massey reports at the time of the
21 briefing on the privilege issue and the crime-fraud exception
22 issue that was raised. And that is correct. Your clients had
23 them. We have had a lot of back and forth about them, but I
24 think the final brief on the privilege issue was filed on
25 August 9th.

1     It appears that the unredacted reports were served on
2  you August 11th.
3     However, we did not have the hearing on this until
4  August 22nd, which means, in my judgment, there was ample time
5  to raise anything in those reports that you thought was
6  important, in aid of your argument regarding the crime-fraud
7  exception.
8     And I say "ample time" because, in this case, nobody
9  has been very inhibited about filing things and filing things
10 on short notice and supplementing things.  So, I can't say that
11 eleven days was inadequate time to raise it.
12    But even if I didn't look at it from the point of view
13 of this is an attempt to raise arguments that could have been
14 raised before -- which, of course, you are not allowed to do on
15 reconsideration -- I don't find that it adds to the discussion.
16    It adds certain detail, but the basic propositions
17 that you argue based on the Massey reports are the same ones
18 that I considered before and that I found were insufficient to
19 create the prima facie case that is the first step to
20 establishing a crime-fraud exception.  So, I stand on what I
21 said before in rejecting the assertion of crime-fraud
22 exception.
23    Now, one other thing that was raised in the motion as
24 an alternative is that I should review undisclosed privileged
25 communications to see if people did act to violate plaintiff's

1  constitutional statutory rights.  And, you know, I find that
2  request curious because when I ruled on the privilege issue on
3  August 22nd, at the end of that discussion -- because I had
4  ruled on a sample of the documents that the parties selected --
5  I specifically asked, "Are there any other documents from the
6  log that were raised and challenged," and I think there were
7  198 in total, "that you want me to look at?"
8      And the plaintiff said, "No."
9      So, now, I am -- so, I am -- puzzled by the change in
10 course.  And I am also a little bit puzzled by what it is that
11 you are asking me to review.  So, Mr. Caro, perhaps you can
12 shed light on it.
13     Is it the particular entries -- the documents on the
14 log -- that you highlighted?
15     MR. CARO (Via Telephone):  Yes, your Honor, and
16 possibly more.
17     THE COURT:  Okay.
18     MR. CARO (Via Telephone):  And I apologize for --
19     THE COURT:  I don't know what "possibly more" means.
20     You know, what it sounds like, Mr. Caro, is that you
21 want me to review documents; and, to the extent I don't agree
22 that those documents support your claim, then you want me to
23 review more, until I review everything --
24     MR. CARO (Via Telephone):  Well, I think --
25     THE COURT:  -- until I review every document.

1   I don't think that that is what I am prepared to do.
2      MR. CARO (Via Telephone):  Well, what I would suggest
3   is it be done in a two-step process.
4      The exchange dealing with the Owen notes shows that it
5   was not Massey's pure decision, as the independent fact
6   investigator, what to use.  It is a decision made after an
7   extensive exchange with the other defendants.  And that
8   exchange could give light to whether Massey, in fact, was
9   proceeding as an independent, impartial fact investigator.
10     THE COURT:  Well, Mr. Caro, I would say this.  Among
11  the sample of documents that I looked at before, there were
12  included communications on this subject.
13     You have highlighted more, but communications that fit
14  the description that you have given me were included in those.
15  And I already have told you that whether there was a conflict
16  here, whether the evidence would show that the investigation
17  was -- as I think you would put it -- perhaps not worth the
18  paper it was written on, those are matters that ultimately
19  Judge Guzman will decide.
20     But I don't see what has been provided and what I have
21  reviewed as a basis for the crime-fraud exception.
22     Now, if you want me to look at the highlighted 30
23  documents, I will look at them, but that is it.
24     MR. CARO (Via Telephone):  Okay.  Fine, your Honor.
25     THE COURT:  And I will issue a minute order indicating

1  whether I need to see people in court or whether I will just
2  rule in a written order.
3           So, I would like the defense to submit those documents
4  to me in camera.  Can you do that -- well, when can you do
5  that?
6           MS. SCHNAKE:  Today is Thursday.  I can try to get it
7  done tomorrow, to try and comply with --
8           THE COURT:  See if you can get it to me by the end of
9  the day tomorrow.
10          MS. SCHNAKE:  Okay.
11          THE COURT:  Okay?
12          If not, then Tuesday is okay.
13          MS. SCHNAKE:  Okay.  Thank you.
14          THE COURT:  But I will say this:  To the extent I find
15 anything on there that is not privileged, I will require
16 production, certainly.  But I am not going to allow further
17 discovery based on anything that I may order produced.
18          In other words, discovery is closed.
19          Is there anything further that we need to address
20 today on status or on the motions?
21          MS. PROCTOR:  No.
22          MS. SCHNAKE:  No.
23          THE COURT:  Mr. Caro?
24          MR. CARO (Via Telephone):  No, your Honor.
25          THE COURT:  All right.

1      Then I will not set another status at this time.  Once
2 I give you my ruling on the documents that will be additionally
3 submitted for in-camera review, I will let you know if I think
4 I need another status.
5      But since discovery is over, probably once I issue
6 that ruling, I will just terminate the referral, since it was
7 just submitted to me for discovery and motions.
8      Is there anybody that has a different view about that?
9      MS. SCHNAKE:  No.
10     THE COURT:  Okay.
11     Mr. Caro?
12     MR. CARO (Via Telephone):  No, your Honor.
13     MS. PROCTOR:  No, your Honor.
14     MR. HARBECKE:  No, your Honor.
15     THE COURT:  All right.
16     Very good.  Thanks a lot.
17     MS. PROCTOR:  You know, your Honor, there is one
18 matter --
19     MR. CARO (Via Telephone):  Thank you, your Honor.
20     MS. PROCTOR:  -- that you may already be aware of.  We
21 are before Judge Guzman for a status on Tuesday, September 5th.
22     THE COURT:  Yes.
23     Well, as I said, discovery is closed.
24     MS. PROCTOR:  Okay.
25     THE COURT:  What I am doing is ruling on a motion with

```
 1  respect to privilege.  And if I find that anything needs to be
 2  produced, I will order production.  But that will not open the
 3  door to any further discovery, whether it is with respect to
 4  those particular documents that I might order produced or as to
 5  anything else.
 6           MS. PROCTOR:  Very well.  Thank you for that
 7  clarification.
 8           THE COURT:  All right.
 9           And I think -- you have the highlighted privilege log.
10  So, you know which documents we are talking about?
11           MS. SCHNAKE:  I believe I do.  And, if not, Mr. Caro,
12  I am sure, will provide it to us.
13           THE COURT:  I can tell you what they are, if you want?
14           MS. SCHNAKE:  Sure.
15           THE COURT:  Log entries 3-991, -992, -994, -1048,
16  -1049, -1087, -1111 through -1118, -1124, -1132, -1134 through
17  -42, -1148 through -49, -1167 and -1187.
18           MS. SCHNAKE:  And those are the log entries and not
19  the Bates numbers?
20           THE COURT:  Those are the log entries.
21           MS. SCHNAKE:  Okay.  All right.
22           THE COURT:  All right.
23           And what I would ask you to do, if it is no more
24  difficult, is why don't you give them to me hard copy?
25           MS. SCHNAKE:  Sure.
```

1   THE COURT:  Okay?

2   Thanks very much.

3   MS. PROCTOR:  Thank you, your Honor.

4   MS. SCHNAKE:  Thank you, your Honor.

5   MR. HARBECKE:  Thank you, your Honor.

6   THE COURT:  Thanks, Mr. Caro.

7   MR. CARO (Via Telephone):  Thank you, your Honor.

8   MS. PROCTOR:  Have a great Labor Day holiday.

9   THE COURT:  The same to all of you.

10                  *   *   *   *   *

11  I certify that the foregoing is a correct transcript from the
    digital recording of proceedings in the above-entitled matter,
12  to the best of my ability, given the limitations of using a
    digital-recording system.

13

14  <u>/s/ Joene Hanhardt</u>                    <u>September 6, 2017</u>
    Transcriber

15

16

17

18

19

20

21

22

23

24

25