**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| S. JAIN, for herself and as parent of and for her son "A" Minor | ) ) | |
| Plaintiffs | ) | Case No.: 17-cv-00002 |
| vs. | ) ) ) | Hon. Magistrate Schenkier |
| | ) ) | |
| BUTLER ILLINOIS SCHOOL DISTRICT 53, THE BOARD OF EDUCATION FOR BUTLER SCHOOL DISTRICT 53, LOU PASKALIDES in his official capacity, RAJIV ADVANI in his official capacity, LIZ CHUN, in her official capacity, TODD RUSTENBERG in his official capacity, HITESH PATEL, in his official capacity, ALAN HANZLIK, In his Official Capacity, ALAN KUMAR, in his Official capacity, HEIDI WENNSTROM in her personal and official capacity), KELLYVOLIVA (in her personal and official capacity, and LISA OWEN in personal and official capacity) ROBBINS SCHWARTZ, LIBBY MASSEY, CAROLINE ROSELLI, ATTORNEY DOE | ) ) ) ) ) ) ) ) ) ) ) ) ) ) | |
| Defendants, | ) | |

## NON-PARTY BADLANIS' RE-NOTICED MOTION TO QUASH AND VACATE SUBPOENA

1. This Motion to Quash the subpoena issued to non-defendant and non-parties, is being brought in line with this Honorable Court's intention, that discovery was closed on August 31, 2017, pursuant to Document number 132. (See Order Attached as Exhibit A).

2. On August 31, 2017, Plaintiffs' Counsel purports to have served Ravi and Vandana Badlani, (hereinafter referred to as "the Badlanis)" by Certified Mail on said date, which should be verified by Plaintiffs.

3. In fact, the subpoena was only received by Mr. Badlani via Certified Mail on Saturday, September 9, 2017, leaving non party only three business days to comply or respond to a subpoena in excess of 15 pages by September 14, 2017.

4. Said subpoena also appears to have been previously filed on March 30, 2017 bearing said time stamp but was not issued to them at that time.

5. Plaintiffs had knowledge of the existence of the Badlanis as their minor children shared a school with Plaintiffs minor child, yet counsel failed to timely submit any relevant request to them in a timely or ethical fashion.

6. Federal Rule of Civil Procedure 45(d)(3) governs motions to quash or modify a subpoena. More specifically, Rule 45(d)(3)(A) identifies circumstances in which a court is required to quash or modify a subpoena. Rule 45(d)(3)(B)and (C) identify circumstances in which a court may grant a motion to quash or modify the subpoena unless the party serving the subpoena shows a substantial need and the court can devise an appropriate accommodation to protect the interests of the witness.

7. This Court must quash this subpoena upon timely motion when the subpoena fails to allow a reasonable time to comply and subjects a person to undue burden, among other things. WM High Yield v. O'Hanlon, 460 F. Supp. 2d 891, 2006 U.S. Dist. LEXIS 95037 (S.D. Ind. Feb. 17, 2006)

8. A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The issuing court must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees. F.R.C.P 45 (c)(d)(e).

9. Therefore, a motion to quash based on insufficient notice usually depends on the facts of the specific case (see Parrot, Inc. v. Nicestuff Distributing Intl., Inc., No. 06-cv-61231, Jan. 26, 2009).

10. To obtain discovery from a nonparty, a party must demonstrate that its need for discovery outweighs the nonparty's interest in nondisclosure. Furthermore, Rule 26(b)(2)(C) also requires courts to limit discovery where "the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive" and where "the party seeking discovery has had ample opportunity to obtain the information by discovery in the action; or the proposed discovery is outside the scope permitted by Rule 26(b)(1)" FRCP 26(b)(2)(C)(i)-(iii).

11. Discovery has been closed by this Court and Plaintiff recklessly and with undue burden issued said subpoena upon Badllanis and failed to move this Court to re-open discovery and did not seek leave of Court to subpoena to non-party Badlanis.

12. Furthermore the burden upon Badlani to produce any discovery or documents post discovery when it has not had the benefit of time will not serve the interests of justice.

13. Additionally, there has not been an accounting of reasonable time in which to comply as well.

WHEREFORE, For the reasons stated above Badlanis seek that Subpoena is Quashed in its' entirety and that Plaintiff is sanctioned by this Court, and attorneys costs and fees are awarded for Plaintiffs' issuance of subpoena post discovery deadline, and in violation of the standards of this Court.

                                        Respectfully submitted,

                                        */s/ Naderh Elrabadi*

                                        _____

                                          Defendants' Attorney

ELRABADI LAW
NADERH H. ELRABADI, 6281756
Attorney for Subpoenaed persons Vandana Badlani & Ravi Badlani
111 West Washington Street, Suite 1900
Chicago, Illinois 60606
312.444.9606 main
312.602.7381 direct
312.896.9185 e-fax
nhe@elrabadilaw.com

**CERTIFICATE OF SERVICE**

      I hereby certify that on September 21, 2017, I electronically filed this Notice and the above-referenced document with the Clerk of the Court using the CM/ECF system which will send notifications of such filing to all Counsel of Record.

      Respectfully submitted,

      */s/ Naderh Elrabadi*

      _____

ELRABADI LAW
NADERH H. ELRABADI, 6281756
Attorney for Subpoenaed person Defendants Vandana Badlani & Ravi Badlani
111 West Washington Street, Suite 1900
Chicago, Illinois 60606
312.444.9606 main
312.602.7381 direct
312.896.9185 e-fax
nhe@elrabadilaw.com