```
                    IN THE UNITED STATES DISTRICT COURT
                   FOR THE NORTHERN DISTRICT OF ILLINOIS
                              EASTERN DIVISION


    S. JAIN, for herself, and as     )
    parent of and for her son "A",   )
    a minor,                         )
                                     )
                      Plaintiff,     )
                                     )   Case No. 17 C 00002
                                     )
    -vs-                             )   Chicago, Illinois
                                     )   October 5, 2017
                                     )   9:30 o'clock a.m.
    BUTLER ILLINOIS SCHOOL           )
    DISTRICT 53, et al.,             )
                                     )
                      Defendants.    )


                       TRANSCRIPT OF PROCEEDINGS
                  BEFORE THE HONORABLE RONALD A. GUZMAN

    APPEARANCES:

    For the Plaintiffs:       MUSLIN & SANDBERG
                              BY:  MR. CRAIG MICHAEL SANDBERG
                              19 South LaSalle Street
                              Suite 700
                              Chicago, Illinois 60603

                              LAW OFFICES OF FRED R. HARBECKE
                              BY:  MR. FREDRICK RAHN HARBECKE
                              53 West Jackson Boulevard
                              Suite 1510
                              Chicago, Illinois 60604

    For the Defendants:       ANCEL GLINK DIAMOND BUSH
                              DiCIANNI & KRAFTHEFER, P.C.
                              BY:  MS. LUCY B. BEDNAREK
                              140 South Dearborn Street
                              Suite 600
                              Chicago, Illinois 60603
```

```
 1   APPEARANCES:  (Continued)
 2                           HINSHAW & CULBERTSON LLP
                             BY:  MS. KATHERINE GEORGIA SCHNAKE
 3                           222 North LaSalle Street
                             Suite 300
 4                           Chicago, Illinois 60601

 5
                             ELRABADI LAW
 6                           BY:  MS. NADERH H. ELRABADI
                             111 West Washington Street
 7                           Suite 1900
                             Chicago, Illinois 60602
 8

 9

10

11

12

13

14

15

16

17

18

19

20

21
                     Mary M. Hacker CSR, RPR, FCRR
22                       Official Court Reporter
                       United States District Court
23                219 South Dearborn Street, Suite 1854B
                        Chicago, Illinois  60604
24                     Telephone:  (312) 435-5564
                       Mary_Hacker@ilnd.uscourts.gov
25
```

```
 1            THE CLERK:  17 C 02, Jane versus Butler Illinois
 2  School District 53.  Motion hearing and motions.
 3            MR. SANDBERG:  Good morning, your Honor.  Craig
 4  Sandberg.
 5            MR. HARBECKE:  Fred Harbecke, local counsel for
 6  plaintiff.
 7            MS. ELRABADI:  Good morning, your Honor.  Naderh
 8  Elrafadi for the Badlanis.
 9            MS. BEDNAREK:  Good morning.  Lucy Bednarek on
10  behalf of the school district.
11            MS. SCHNAKE:  And Kate Schnake, S-C-H-N-A-K-E, on
12  behalf of the defendants Massey and Roselli.
13            THE COURT:  So what do we have?
14            MR. SANDBERG:  Your Honor, if I may speak.
15            I filed a motion for leave to file an additional
16  appearance in this case.  And also, I'm seeking leave to file
17  a response to the motion to withdraw just to address some
18  things while the Court still has, I suppose, jurisdiction
19  over Mr. --
20            THE COURT:  I think I have a motion for leave to
21  file under seal, is that correct?
22            MR. SANDBERG:  What's that?
23            THE COURT:  I think I have a motion to file under
24  seal, is that right?
25            MR. HARBECKE:  Mr. Caro.  Yes, your Honor.
```

 1    MR. SANDBERG: I'm not sure what all that is,
 2 Judge.
 3    If I can also add that I learned yesterday, much to
 4 my surprise, that Mr. Caro, although there hasn't been a
 5 formal attorney's lien filed in the matter, has -- is
 6 asserting that in the event of his withdrawal, he retains
 7 some interest in this case that, as your Honor knows, isn't
 8 viable. There isn't presently a complaint on file and the
 9 discovery is closed.
10    And so, those are some of the issues that I think
11 are necessary while the Court still has Mr. Caro around.
12    Ms. Jain has no interest, to be clear, that Mr.
13 Caro continue to represent her in this case. Obviously we
14 can address Mr. Harbecke's issue because he's here only as
15 local counsel.
16    THE COURT: Well, let's see --
17    MR. SANDBERG: But I'm not sure whether or not --
18 as it relates to my response and anything associated with
19 that, it doesn't really relate to --
20    THE COURT: How many attorneys do we have on file
21 for the plaintiff?
22    MR. HARBECKE: One attorney plus myself as local
23 counsel.
24    THE COURT: Okay. And --
25    MR. SANDBERG: Mr. Caro had filed his appearance

:37AM

1  shortly after the complaint, back in January of this year,
2  and then in or around April I think he realized that because
3  of the nature of where he was practicing, that he needed to
4  have someone to comply with the local rules, and that's how
5  Mr. Harbecke got involved.  The local rules require --
6              THE COURT:  Is that right?
7              MR. HARBECKE:  That's correct, your Honor.
8              MR. SANDBERG:  I don't fully understand, because
9  the address on file on Pacer for Mr. Caro is not a Florida
10 address and that's where he's residing.  So I'm not sure how
11 we got to that particular issue.  Obviously there's a whole
12 host of --
13             THE COURT:  I think the address he has on file is
14 Oak Brook, is that right?
15             MR. SANDBERG:  For Mr. Caro?
16             THE COURT:  I'm trying to see here -- oh, no.  I'm
17 looking at the plaintiff.  Mr. Caro, yes, Santa Rosa Beach.
18             MR. SANDBERG:  I know that's where he's at now.
19             THE COURT:  Well, are you still local counsel for
20 Mr. Caro in this case?
21             MR. HARBECKE:  I am, your Honor.
22             THE COURT:  Have you had any communication with him
23 about his pending motion?
24             MR. HARBECKE:  Very little, other than the fact
25 that I have seen the stip -- or the affidavit or whatever

1  that he wants to submit under seal.
2       MR. SANDBERG:  That's something I have not yet
3  seen, your Honor.
4       One of the things, also, that I'm interested in is
5  -- in responding to the motion to withdraw is obviously
6  seeking attorneys' fees, including receiving the file within
7  seven days, so that I can review it for purposes of preparing
8  the Fifth Amendment complaint.
9       I, like your Honor's order -- I'm not sure what was
10  being pled.  And so, I need to know what discovery exists in
11  addition to anything else that's in the file.  And I would
12  like additional time then to file the amended complaint,
13  which I'm sure counsel doesn't --
14       THE COURT:  Well, what is it you suggest I do?
15  You're telling me all the things you would like and you're
16  interested in.  What is it you suggest I do?  I mean, I have
17  before me a motion.
18       MR. SANDBERG:  Right.  I have --
19       THE COURT:  Frankly, right now in the movant's
20  absence -- and the real movant in this case is the attorney
21  who is seeking to withdraw -- I'm not inclined to grant the
22  motion.
23       First, it comes at a time when it clearly would be
24  prejudicial to the client.  I mean, it comes some two weeks
25  after I gave him an extension on his request to file an

:41AM

1  amended complaint and, I don't know, ten days before the
2  deadline for filing the amended complaint.
3      If he's to withdraw now, he would leave his clients
4  in a lurch. You would have to come in, or some other
5  attorney, and seek a further extension to file an amended
6  complaint. And, frankly, that's just not a situation in
7  which an attorney should be allowed to withdraw.
8      He should see this through until either he obtains
9  an extension so a new counsel can come in, or he files an
10 amended complaint. He can't leave his client in a lurch with
11 very little time for a new attorney to come in and meet the
12 Court's extended deadline, second deadline, for filing an
13 amended complaint. Because the problem with denying his
14 motion is that it makes it difficult for you to come in --
15     MR. SANDBERG: Correct.
16     THE COURT: -- and take over the case.
17     MR. SANDBERG: Right. And I --
18     THE COURT: So what is it you want me to do?
19     MR. SANDBERG: I'm not sure if we could fashion
20 this remedy. But what I believe should happen or could
21 happen is, if you grant me leave to file my additional
22 appearance so that I can then represent Ms. Jain, or the
23 plaintiff, which is generally including the minor -- if your
24 Honor can remove Mr. -- grant Mr. Harbecke's motion to
25 withdraw and remove Mr. Caro from his representation of Ms.

:42AM

1  Jain at this time in order to thus allow your Honor to then
2  consider the concerns I have regarding Mr. Caro that I intend
3  on raising -- hope to raise in a response to that motion to
4  withdraw.  So it's not really an opposition to his withdrawal
5  because, as I indicated earlier, Ms. Jain does not want him
6  to continue to represent her.
7       If I could -- if part of that is that the Court
8  compel Mr. Caro from --
9       THE COURT:  I can't remove him from representing

:42AM

10  her and deny his motion to withdraw.  Either he represents
11  her or he doesn't.
12       MR. SANDBERG:  Okay.
13       Well, then, grant me leave, enter and continue his
14  motion to withdraw, allow me to file a response to that.

:43AM

15       THE COURT:  Let me ask you something.  What is it
16  you're going to file in response?
17       I'm not adjudicating an attorney's lien at this
18  point in time.  First of all, there's nothing to lien.
19  There's been no recovery.  The case isn't over.  So, I can't.

:43AM

20  I would have no facts upon which to adjudicate an attorney's
21  lien at this point.  That's something that, if it happens,
22  will have to happen later.  And it may not happen in the
23  context of this case; it may be a separate lawsuit
24  altogether.

:43AM

25       MR. SANDBERG:  Okay.

THE COURT: Your client, if I allow you leave to file your appearance here, may want to file a crossclaim against him, may want to file a complaint in the ARDC, may want to do a lot of things.

At this point -- and I make no ruling, but at this point it seems to me that he's being irresponsible, at the least. If he filed this lawsuit knowing he could not personally appear, knowing that there was no guarantee that the judge hearing the case would allow him to appear by phone on each and every occasion that the case was before the Court, and if he then engaged local counsel but failed to give him any direction or authority or responsibility to act on the client's behalf -- which, I take it, is your position, is that right?

MR. HARBECKE: That's correct, your Honor.

THE COURT: Okay. Then he really hasn't complied with the local counsel rule and he's being totally irresponsible. But that is really a side issue here. I mean, what's before me is, how do we move this case forward.

Do you want to replace this attorney or not?

MR. SANDBERG: I do, your Honor.

THE COURT: Okay.

MR. SANDBERG: Could we --

THE COURT: I'll grant you leave to file an additional appearance, okay? Do that promptly, after the

```
:45AM

:45AM

:45AM

:46AM

:46AM
```

1  close of this hearing, formally.
2  　　　　So you've now been granted leave to appear.
3  　　　　MR. SANDBERG:  Thank you.
4  　　　　THE COURT:  Does your client wish to contest her
5  prior counsel's motion to withdraw, either of them?
6  　　　　MR. SANDBERG:  To get him out of the case, she
7  doesn't contest that.
8  　　　　THE COURT:  To get them out of the case?  Well, if
9  they withdraw, that's what they're doing, they're getting out
10 of the case.
11 　　　　MR. SANDBERG:  Right.
12 　　　　THE COURT:  All right.  If there's no opposition,
13 the motions to withdraw by both local counsel and lead
14 counsel are granted.
15 　　　　MR. SANDBERG:  Okay.
16 　　　　As part of my -- as part of granting the motion to
17 withdraw and my filing an additional appearance, if the order
18 can compel Mr. Caro to turn over the file to me within seven
19 days?
20 　　　　THE COURT:  Draft an order.
21 　　　　MR. SANDBERG:  A separate order, your Honor?  It's
22 not going to be part of the minute order?
23 　　　　THE COURT:  I'll put it in a minute order, but you
24 should draft a separate order for me to enter so it's clear
25 on the record and so Mr. Caro has been advised, both by the

```
:46AM

:47AM

:47AM

:47AM

:48AM
```

1  minute order and by the Court's separate order, that he has
2  an obligation to turn the file over.
3         MR. SANDBERG:  Okay.
4         Could I get a short extension on the motion -- on
5  the deadline for filing the fifth amended complaint, just so
6  that I have an opportunity to review the file?
7         I have a general understanding as to how I
8  anticipate claims be filed, but for the sake of everybody
9  that's here, it may be that upon my review I find it's
10 necessary to triage this case to some degree, which may
11 include, in addition to any different claims -- may require
12 dismissing certain defendants, which I don't know at this
13 point.
14        As your Honor knows, I'm in a position where
15 discovery is closed and your Honor had indicated no
16 extensions, which I can certainly understand the Court's
17 position at this time, but that being so, it kind of
18 doubles-down the importance of my having that file.
19        THE COURT:  Okay.
20        Give me 14 days, Imelda.
21        THE CLERK:  October 19th.
22        THE COURT:  October 19th file your amended
23 complaint.  If you can, without violating the rules, file
24 your amended complaint on or before that date.  Absent that,
25 the case will be dismissed with prejudice.

|   |   |
|---|---|
| 1 | Anything else? |
| 2 | MS. BEDNAREK: No, your Honor. |
| 3 | MS. SCHNAKE: No. |
| 4 | MR. SANDBERG: Thank you, your Honor. |
| 5 | MR. HARBECKE: Thank you. |
| 6 | THE COURT: Okay. We'll have a status hearing |
| 7 | 21 days, please. |
| 8 | THE CLERK: October 26th at 9:00 a.m. |
| 9 | THE COURT: Okay. I think that's all we need to |
| 10 | do. |
| 11 | I'm going to enter an order also granting Mr. Caro |
| 12 | leave to file his motion to withdraw under seal that contains |
| 13 | information that's privileged and has absolutely no bearing |
| 14 | on the merits of the case, is, therefore, not something that |
| 15 | opposing counsel needs to see. It has to do with his |
| 16 | relationship with his client and nothing else. |
| 17 | Is there any objection to that? |
| 18 | MS. BEDNAREK: No objection. |
| 19 | MS. SCHNAKE: No objection. |
| 20 | MS. ELRABADI: No objection. |
| 21 | THE COURT: Okay. That will be the order. Thank |
| 22 | you. |
| 23 | MR. SANDBERG: Thank you, your Honor. |
| 24 | (Which were all the proceedings heard.) |
| 25 |   |

```
 1                        CERTIFICATE
 2        I certify that the foregoing is a correct transcript
 3   from the record of proceedings in the above-entitled matter.
 4
 5       /s/ Mary M. Hacker                    October 16, 2017
 6   _____    _____
     Mary M. Hacker                    Date
 7   Official Court Reporter
```