LA

**FILED**

MAY 21 2019 *RCC*

THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS

MINOR A, JAIN )
Plaintiff )
)
v. )
)
SCHOOL DISTRICT 53 )
HEIDI WENNSTROM, ET AL )
Defendant )

Case Number: *1:17-CV-00002*

Judge:

*HONORABLE JUDGE RONALD GUZMAN*

### Plaintiff's Objection to Bill of Costs

1. **It is <u>unjust and unfair</u> to bill plaintiffs trying to seek remedy for violation of their civil rights given the serial abusive, dishonest, and unethical misconducts of the school district Defendants.**

The Court itself in its order of March 12, 2019, Docket number 283, page 9 cautioned Defendants " there was little or no reason for the investigation of this incident to be conducted in this manner. Three adults in positions of authority questioned a nine year old child, for whose well-being they were responsible, outside the presence of his parents about an event that posed no immediate danger to the safety or well-being of other students or the orderly conduct of school activities."

 Because a public school has been given immunities does not mean that the school Defendants did not engage in numerous lies and misconducts and it does not exonerate the soon to be ex-Superintendant, the ex-Principal, the ex- Board President, the Vice principal or other ex-members of the Board of Education from their abuses of authority, misconducts and egregious

1

behaviors against a 9 year old child, and 2 other young children whose parents are also currently in this court for federal litigation against School district 53 for various violations of their civil rights.

**In addition to numerous civil rights abuses of minor A, Butler School District 53 engaged in a repeating pattern of dishonesty, misconducts, and behaviors shocking the conscience. Since per plaintiff's understanding the court is granted discretion to refuse to tax costs, the court may wish to be aware of Plaintiffs sufferings as stated in Exhibit 1.**

<u>**SEE EXHIBIT 1**</u> **School District 53 Misconducts**

School District 53, soon ex-Superintendent Heidi Wennstrom, and ex-Board President Alan Hanzlik permanently damaged and destroyed 3 young children and have shown no remorse for their repeated deceits and abuses of authority. None of the Defendants ever reached out to these 3 young children to apologize or improve the lives of these children who they deliberately and repeatedly injured. All other possible remedies were exhausted including the Uniform Grievance Policy 1400, and legal administrative review.

All of the Defendant Board members, including Alan Hanzlik, Liz Chun , Defendant Heidi Wennstrom, Defendant Kelly Voliva all subsequently resigned or did not seek re-election.

2. Plaintiff offered multiple appeals to School District 53 to remedy their misbehaviors, abuse and damages to minor A and myself outside of the court which would not have necessitated legal action. School District 53 did not respond with any remorse, resolution

efforts, or apology for their misconducts to me or minor A, necessitating Plaintiff to file a legal complaint as federal statute limitation was imminent.

- Plaintiff's Appeal letter written to Board of Education **Feb 23, 2016**– School given option to resolve out of court

- Plaintiff's Motion for Reconsideration written **May 23, 2016** to Board of Education – School given option to resolve out of court

- Letter of Intent to resolve out of court by Attorney Edward Johnson written **October 11, 2016**

**- Plaintiff letter of intent Nov 28, 2016 -** Even up until approximately 1.5 months prior to the filing of the Federal action against School District 53, Plaintiff's letter of intent to resolve out of court written to the Board of Education clearly states **I will not be responsible for any fees or expenses incurred by District 53.**

<u>SEE EXHIBIT 2,</u> **Last Attempts for Remedy: Plaintiff Letter of intent and Attorney Edward Johnson letter of intent**

3. **There was <u>no need</u> for videography depositions or different versions of transcripts to prove that the school had qualified immunity to Count 1. In fact there would have been no reason for depositions at all to prove that a public school has immunity. <u>SEE EXHIBIT 1</u>**

Per plaintiff's understanding, courts have "discretionary authority" to tax costs. A federal court per plaintiff's understanding is granted discretion to refuse to tax costs in favor of a party.

It is also plaintiff's understanding that a court must give careful scrutiny to all the items proposed as costs.

Even allowance of recovery of court reporter attendance costs may be deemed discretionary, not mandatory.

4. **The School District Defendants costs were <u>not necessary and are unreasonable and should be disallowed</u>**. If the school had behaved properly and without pattern of dishonesty to plaintiffs, taxpayers, etc., a legal proceeding to seek justice for the cruelties imposed upon a young child and myself would not be necessary. Even as Plaintiffs fighting against the Defendants who abused our child and violated our rights repeatedly, **plaintiffs themselves did not even conduct depositions, employ videographers, or order all the high cost versions of deposition transcripts and other transcripts. The school district defendants mis-utilized tax payer dollars to pay for such to try to defend their behaviors, using false pretenses and a guise of integrity.** We never asked the Defendants to incur these expenses, for example utilize costly videography services which we did not even utilize ourselves as plaintiffs because of limited finances after monthly bills are paid, unlike the Defendants being able to utilize in essence unlimited tax payer monies of an affluent school district. The School district utilized the services of innumerable attorneys, multiple law firms, etc. in their defense.

4

5.  Defendants have **not** demonstrated that costs were unique or specific to the Federal Count 1.  Willful Wanton misconducts, Counts III and IV are able to be re-litigated and thus Defendants may not be entitled to costs related to their Willful Wanton misconducts anyway.

6.  It should be recognized that Plaintiffs have already assumed very burdensome legal expenses with their personal hard work in order to fight for justice and preserve their civil rights to seek remedy for their child and themselves.  Court should not burden plaintiffs who have already suffered enough.

7.  Our attorneys found merits in this case, accepted it and represented us. This court found merits in this case as well and reprimanded the misbehaviors of the Defendants.  Our attorneys also have responsibility in this case.   Especially given absence of prior case law, our filed documents/arguments were not elaborated upon.  Repeatedly  innumerable  evidences exposing the Frauds, Deceits and Misconducts of the  School District Defendants were given to the attorneys, but apparently these were not filed with our opposition to the  summary judgment motion or other documents filed.

8. We seek the court to exercise its discretion as Plaintiffs are people of limited resources unlike the School District Defendants who engaged in misconducts and to defend themselves had unlimited resources of tax payers (which included plaintiff ) and insurance policy(s). We request a prayer for relief so this burden of costs may also not deter in the future of other children from trying to protect their civil rights when helpless in a public school building and at the sole discretion of adults. For example, even now 2 other children are litigating School District 53 for violation of their civil rights.

Every person, even a young child in a public school, which has immunities, should not be deceived and violated by abuses of authority. Abusing children by falsely condemning them and defaming them publically is the worst impact an educator or educational institution can make on a young child's life.

Dated: May 21, 2019

Respectfully submitted,

Plaintiffs, S. Jain and Minor A

*/s/ S. Jain*
Pro se Plaintiff

6

# EXHIBIT 1

# Misconducts of District 53

<u>**List of Some Misconducts of School District 53 Causing Injuries and Sufferings**</u>

**(All evidence documents can be provided upon the Court's request. They are in high volume)**

<u>**ABUSES / MISCONDUCTS / REPEATED PATTERN OF DISHONESTY**</u>

**1. <u>Abuse of District Policy 1400 – DISHONESTY AND SET UP</u>**

**The Board/ex-Board President Alan Hanzlik were not entitled to appoint their own attorney as complaint manager/investigator as this power is conferred upon the Complaint manager only.** At the time of our Appeal, Mrs. Beth Mouw was the only Complaint manager at the district and therefore the only one who could appoint someone else as an alternate Complaint manager if she would not investigate the complaint herself.

We never heard from Mrs. Mouw, the Complaint manager listed in policy 1400, instead ex-Board President Alan Hanzlik and Massey each admit he appointed Massey as a Board attorney and Complaint manager. Alan Hanzlik was never allowed to do so and the 1400 policy sent to us does not authorize him this right.

On March 2 we were told Attorney Massey is our Complaint manager and we are forced to use her despite multiple letters I wrote as to her conflict of interest since it is documented that Attorney Roselli, Massey's boss and senior, guided ex-Superintendent Heidi Wennstrom and assisted in the February 8 "internal investigation" and punishments imposed. This itself violates the intent and purpose of any grievance procedure which is meant to allow for equitable and fair investigation for relief of a victim. On March 2, our UGP investigation date there was no policy to be found with ex-Board President Alan Hanzlik, Attorneys Massey or Roselli stated in it.

**Attorney Massey could not ethically be a Complaint manager /Complaint investigator. She represented the Board of education and took direction from Heidi Wennstrom who the grievance itself was against (for example email of Feb 11, 2016).**

**Attorney Massey also took direction from Attorney Roselli (who represented Heidi Wennstrom).** Massey was in constant communication with Roselli who directed the internal investigation and drafted the false Feb 8 findings. Attorney Roselli then essentially re- investigated her own Feb 8 findings under the Uniform Grievance Policy 1400.
This UGP policy 1400 is the only initial recourse a family has against violations or civil rights abuses committed against them by a school official.

There was No "equitability" or fairness as the UGP 1400 requires.
The investigation was a Deception, conducted with premeditated outcome and malice. There was no investigation of Abuse. Instead District 53 used the investigation/UGP policy 1400 to cover up their abuses of authority. This was done with the full consent of Ex-board president Alan Hanzlik, Ex-vice president Liz Chun, and the remaining Board members. It should be noted all these Board members have resigned or did not seek re-election.

Heidi Wennstrom directs her own grievance against her, for example in email of Feb 2016.

Massey never stated to us at time of investigation that she had attorney-client relationship with soon ex-Superintendent Heidi Wennstrom, ex-Principal Kelly Voliva or Lisa Owen, Yet we are denied her

communications with ex-Superintendent Heidi Wennstrom because they are protected by attorney-client privilege.

## 2. Institutional Cheating Cover up:

Vandana Badlani admitted herself (text message) to hearing the geobee questions used by the school in advance, Badlanis possibly surreptiously recording the questions on the phone
(Eavesdropping police report). Multiple questions were written in an email which was sent by Badlani to Heidi Wennstrom who cross-referenced those questions as questions the school was using (stated in a Massey investigation report). Her son, A. Badlani, stated his mother makes up questions which are like the geobee questions as reported in Wennstrom's internal timeline. Despite Vandana Badlani hearing, writing, and recognizing the questions in advance, A. Badlani was declared a so-called winner by the school and was not questioned by Heidi Wennstrom/Board or their attorneys the week of the geobee. Minor A was immediately subject to custodial abusive interrogation by 3 senior ranking adults without a parent informed or present or a representative for him present.

Minor A's mother never had, saw or heard the geobee test questions of 2016.
Komal Julka and National geographic coordinator never stated that Plaintiff had questions or accessed any test questions. Parent of Minor A, a 9 year old child, was never contacted, instead Heidi Wennstrom devised a scheme and plan to secretly interrogate Minor A (premediated email of Jan 2016) with intent of issuing punishments for his entire duration in the district.

Minor A's custodial interrogation was conducted in wrongful manner with 3 senior officials towering over him in a closed room by himself without a parent or representative informed or present. Minor A was deceived. Minor A recognized questions in the interrogation because he had been asked the same questions that very same morning of the geobee and because innumerable questions always repeat from previous years and he had extensively studied hundreds and even thousand questions over the years.

**Minor A had been Runner up for school geobee the year before as only a Fourth grader in his school (published in The Dolphin school news Feb 2015). Minor A was outstanding in character, brilliant and a very hard working student having won innumerable awards and praises throughout his school years and this was known to all his schools. Prior to this heinous incident, Minor A had an impeccable academic record in all respects.**

Neither the fact that Minor A had just been asked those same questions that morning before the interrogation or that most of the questions repeated from prior years had been researched by Heidi Wennstrom nor her/Board attorney, the "independent","fair", "equitable" investigator Attorney Massey. To put their behavior into another perspective, many knew Minor A still believed in Santa Claus and the Tooth fairy so what did these interrogators attempt to perform in their deceptive and cruel tactics against a 9 year old child like that.

**3. <u>Police report regarding Nonconsented Phone Recording by Badlani / Eavesdropping</u> and inaccurate transcription by Heidi Wennstrom on January 19, 2016**
**Plaintiffs names repeatedly used by Vandana Badlani in this secretly recorded phone conversation. Wasn't it a cover up by Board Attorney Massey?**

## 4. Destruction of evidences – examples

### A. Badlanis stated the Nonconsented phone recording no longer exists

### B. Lisa Owen's handwritten notes of custodial interrogations of A
Minor A saw Lisa Owen take extensive notes. School Board Attorney Massey never includes these notes despite multiple attorneys in the school's law firm looking at them and deciding whether to use them or not, Boards attorneys Massey does not investigate why these notes, critical evidence was destroyed. **That is spoliation of evidence.**
Owen's handwritten notes on the interrogation were an attachment to an email soon ex-Superintendent Heidi Wennstrom sent to Roselli ( RS 0215710). A saw Owen taking handwritten notes. The school's law firm all emailed each other about including Owen's notes or not.
**This is Destruction/Spoilation of evidence.**

### C. The audio or video recording of interrogation of Minor A was never produced

## 5. Changing of evidences

## 6. Heidi Wennstrom uses fraudulent identity as Tina Davis, a resident living in 60523,
(in Massey investigation report of another family)

## 7. Heidi Wennstrom lies in Affidavit, such as:

In her affidavit Wennstrom does not specify the time of the recording played to her by Badlani's. However, on May 12, 2016, she told police detective Mark Kozlowski that she heard the recording around 2:30 pm on January 19, 2016.
In her interview with school attorney Libby Massey on March 23, 2016, she noted A's interrogation time 2:30 pm that same day i.e. January 19, 2016.

Voliva stated to school's Attorney Libby Massey, A was interrogated around 2:30 pm on January 19, 2016.

This raises the questions of was A interrogated by Wennstrom, Voliva and Owen in front of Badlanis ?

If not, she cannot be at two places at the same time i.e. interrogating A and listening to the surreptitious phone recording with the Badlanis . Hence, either Wennstrom gave incorrect statement to the police detective Mark Kozlowski or the recording was never played to her and she was secretly on the phone listening in on the recorded phone conversation.
Heidi Wennstrom herself lists her own initials on the phone recording transcript alongside with the speakers initials in phone recording transcript and then sent this transcript in an email to ex-Principal Voliva.

In a redacted email, Wennstrom stated that Badlanis came to school at 2:00pm to play the phone recording, but Wennstrom summary of A's interrogation submitted to her Attorneys Libby Massey and

Caroline Roselli indicates it started at the time of 2:00pm at the top of her own Summary. Here is a gross misrepresentation because either lie was told to the Police officer or the Attorneys and in her own Summary of Minor A's interrogation.

Even though Heidi Wennstrom typically writes in a transcript style, due to the excessive length of A's interrogation and the excessive number of questions he was asked, A's document is written not as a transcript, but as a Summary only.

Lisa Owens handwritten notes of the interrogation were destroyed and no audio videorecording was ever produced .

A's interrogation was clearly overly intrusive given his young age and the nature and extent of interrogation and the severe extent of punishments they preplanned for him.


## 8. <u>Dishonesty in Changing of Policies ( such as Policy 6940 and  Search and Seizure 6940, UGP 1400, etc)</u>

Board changes the <u>UGP policy 1400</u> the same day of punishment to Minor A, in which Heidi Wennstrom and Alan Hanzlik are the Complaint managers, but they could not because of policy adoption process 1106 first and second reading procedure before policy change adoption. So Policy 1106 is archived and replaced with a different policy.

Board/Heidi Wennstrom <u>change Search Policy</u> <u>6940 to new Search and Seizure  Policies 6940 and 6625</u> so that a parent or parent representative need not be present during a Search and Seizure.

Board/Heidi Wennstrom change <u>Policy 4969</u>--  Abused and Neglected Child Reporting - changed a few days prior to issuing punishment letter

Policy changes appear disguised as advised by PRES, however their own Attorney Caroline Roselli who represented Heidi Wennstrom is part of PRES.


## 9. <u>Allegations of Fraud-- adding false documents into a students academic records of another child who is currently litigating School District 53 in this Federal court</u>


**10.** Gross misconduct of soon Ex-Superintendent Heidi Wennstrom's with another child in a head-slapping incident. After he is hit in the head, she interrogates him in the office and humiliates him telling him he is lying and told him he was not telling truth, had him demonstrate different slapping techniques, and humiliated him so under coercion he would change his already written statement and she could obtain a document she sought.
**Police report was filed.**

**11. <u>MISREPRESENTATIONS/ DEFAMATIONS ( Willful Wanton ) TO COMMUNITY, TAX PAYERS, MEDIA</u> –**

Heidi Wennstrom/ Alan Hanzlik/ Board of Education misrepresented to tax payers and community that school was in risk and property values would decline when in truth Chelsea Zillmer of Geobee said in email ( March 2016) Geobee will not participate in the investigation and any decisions are solely left up to the school; Geobee would not participate in Heidi Wennstrom /Roselli/Massey investigation.

Heidi Wennstrom Lies stating that eliminating the young children from the contest(s) would allow district to remain in good standing with the entity(s).
Unethical behavior to interrogate Minor A when his parent should have been contacted. Plaintiff parent was never even contacted prior to the interrogation. There was no urgency to interrogate Minor A, a 9 year old child, without a parent present. <u>This was in violation of Board Policy 6940 at the time, but which the school conveniently later changed.</u>

Heidi Wennstrom/ Alan Hanzlik/ Board of Education release absolutely unnecessary repeated defamatory letters, emails, media public statements, multiple public Board meeting statements and to the teachers/PTO/community/media/test vendors, etc. Statements released are misrepresented and anger community against Plaintiffs.
See Policy 6955 Restriction on Publications.


Attorney Massey also never stated that making the matter a public matter was harmful or devastating to the plaintiffs and that making the matter public was not in the best interests of the child and could have been handled differently.


**12. <u>Misconduct and Defamation ( Willful and Wanton) in Board Meetings</u>** – Heidi Wennstrom/Alan Hanzlik/Board invite and permit the Badlani boys to give speeches to humiliate and defame us in Board meeting in front of entire community, teachers, staff which further angers community against plaintiffs

In another Board meeting, Heidi Wennstrom reads "anonymous" letters supposedly written by community members.


**13.** Ex-Principal Kelly Voliva in Retaliation interrogated Minor A again after Jan 19 incident fully aware of the known harm to him from the prior interrogation, she could not even wait 8 business hours to interrogate him with his parent present. ( Plaintiff emails to Voliva Feb 2016 and March 2016)


**14.** Heidi Wennstrom and ex- Principal Voliva tried to find out plaintiff's purchasing history contacting without my knowledge multiple entities and using my name, my husband's name, my mother's name, etc. without their knowledge or permission either. They contacted test makers in which Minor A never ever participated.


**15.** Board of Education ignored all the misconducts, particularly of Heidi Wennstrom and Alan Hanzlik. Policy 2200 specifically states a Superintendant must be of unquestionable morals and integrity.

**Etc.**

# EXHIBIT 2

# Last 2 Notices for Remedy

**Subject:** Certified Letter

**From:** Vickie Galvin █████████████

**To:** ███████████

**Date:** Friday, December 2, 2016 4:00 PM

Dear ██ Jain,

The district office is in receipt of your certified letter dated November 28, 2016. We received the letter on December 1st. The Board of Education has its next regularly scheduled meeting on December 12th. I have forwarded your information to President Hanzlik.

Regards,
Vickie Galvin
Administrative Assistant
████████████

**Subject:** Final proposal for resolution prior to filing of Federal Complaint

**From:** ████████████████████

**To:** alankumar@yahoo.com; ahanzlik@comcast.net; toddrusteberg@gmail.com; h.c.patel@hotmail.com; paskalides@hotmail.com; rajivkadvani@hotmail.com; escchicago@aol.com; ahmad.sulaiman@sulaimanlaw.com;

**Date:** Tuesday, November 29, 2016 10:04 AM

Please see the attached letter for all Board members.

Thank you,

████████ Jain

---

## Attachments

- Resolution proposal Nov 28.pdf (1.14MB)

November 28, 2016

Dear Board Members,

This is my final attempt after many to resolve the actions you have taken against our son and us prior to initiating a comprehensive action for violation of our civil and constitutional rights. Given the mutual costs and burdens extensive litigation will be for both you and us, we are giving you a final pre-suit opportunity to resolve this matter outside of the courts.

We will not be responsible in any capacity for any of your personal or professional legal fees or any of your other expenses if you again fail to resolve this matter with us outside of the judicial system. As parents, citizens, and taxpayers, we have the right to vigorously question the actions of the District and its cohorts over the past year, and have the obligation and right to defend our son, his and our rights, and our good names and professional reputations.

First our son was interrogated by three senior school officials and he was alone and unrepresented, interrogated in a manner that was abusive, corrupt and fraudulent which we will be able to prove in court. It was also unconstitutional to do that to a 9 year old child.

Second, you denied our rights under the UGP and used it not to do an impartial and independent investigation of what was done but as a fraudulent, corrupt, illegal and unconstitutional way of denying our rights and affirm what was done. If you have any doubts about that, please take note that your attorneys have already admitted that Ms. Libby Massey and Ms. Caroline Roselli were representing you and that was a clear conflict of interest and a basic violation of the professional codes of conduct and ethics. So there was no independent, impartial investigation and review as required under the UGP.

Third, there has also been a ruling that you cannot punish the child for what the parent did even if the parent may have acted in a manner which did not please you.

Fourth, the documents that have been produced show that "evidence" was destroyed, altered, fabricated, and that exculpatory evidence was suppressed. You are not above the restraints imposed on conduct by public officials by law and the constitution.

Fifth, despite the pronouncements of our guilt made without a sufficient evidentiary base, we were condemned to numerous organization ███████████████████████ So, we were in essence convicted, condemned and defamed without providing us a fair and adequate opportunity to defend ourselves.

Also please know the abuse on our son is ongoing as his academic growth is being stunted and his social emotional conditions are affected adversely because of your actions. The injustices imposed upon our son can also put him at further risk for his future life and future educational opportunities and so we will also hold you fully responsible for these personal injuries to him. We have also been under undue stress as a family.

We believe due to the actions of certain school officials which put the District at risk, taxpayer dollars have been frivolously spent.

Please contact me by email if you would like to engage in working out a resolution no later than 12 pm, December 7, 2016. ██████████████████████████████████████████████████████████

If you agree to this, we will waive certain claims we have only against the School District 53 but not against the individuals responsible for the wrongdoings.

If you decide you'd rather litigate at your own professional and/or personal risk and at taxpayer expense, a comprehensive federal action will be filed since the 1 year federal statute of limitations starts running in January and so is the State statute of limitations for defamation.

ain

Law Office of Edward D. Johnson III
— 51 E. Burlington St., Riverside, IL 60546 —
Telephone: (708) 606-4386 // Fax: (708) 442-0930
edward@edwardjohnsonlaw.com

**OCTOBER 11, 2016**

**ATTORNEY CAROLINE ROSELLI**
**ATTORNEY EMILY BOTHFELD**
**ROBBINS SCHWARTZ**
**LAW OFFICE OF SCHOOL BOARD 53**
**55 WEST MONROE, SUITE 800**
**CHICAGO IL 60603-5144**
croselli@robbins-schwartz.com
ebothfeld@robbins-schwartz.com

**DR. ALAN KUMAR**
**SECRETARY OF SCHOOL BOARD 53**
████████████████████████

**CC: VICKI GALVIN**
████████████████████████

**SET BY REGISTERED MAIL, EMAILED, RETURN RECEIPT REQUESTED AND BY FIRST CLASS UNITED STATES MAIL**

**RE: NOTICE OF INTENT TO FILE CIVIL ACTION**

Dear Counsel,

Your office is currently District 53 School Board's attorney and secretary of record. As counsel and secretary for the Board of Education of District 53 in ████████████████ you are hereby placed on notice of the intention to file litigation seeking recovery of damages to the following individuals to whom a potential cause of action has accrued and/or personal liberties have been violated under the Constitution of the United States of America and/or the Constitution of the State of Illinois.

These individuals are as follows:

1. "A" a minor child; ████████████████
2. ████████████ Parent of A)
3. ████████████ (Parent of A)

The address of the individuals providing notice of the intention to file litigation seeking recovery reside at the following address; ████████████████████████████████████

The dates of injury for which recovery may be sought is at or before January 19th, 2016, the findings of Heidi Wennstrom ████████████████████ as well other disclosure from the

superintendent as pertains to the District 53 Board ██████████████ before and through the date of this notice. Our investigation continues....

As your office represents the Board of Education we are directing the copy of this notice to be sent to the Secretary of the Board, Dr. Alan Kumar, to your attention as there is currently pending litigation in the Circuit Court of DuPage County ████████████████

If you have any questions please contact our office.

Sincerely,

Attorney for ████ Jain █████████ Minor A

Edward Johnson
51 E. Burlington St.
Riverside, IL 60546
Ofc: 708.606.4386
Fax: 708.442.0930
Edward@edwardjohnsonlaw.com

## IN THE UNITED STATES DISTRICT COURT
### FOR THE NORTHERN DISTRICT OF ILLINOIS

# FILED



MAY 21 2019

THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

Plaintiff  *MINOR A, JAIN*

v.

*SCHOOL DISTRICT 53,
HEIDI WENNSTROM, ET AL.*

Defendant

Case Number: *1:17-CV-0002*

Judge:
*HONORABLE JUDGE RONALD GUZMAN*

## NOTICE ~~OF MOTION~~

**TO:** *ATTORNEY DARCY PROCTOR*
*dlproctor@wmlaw.com  mlbooth@wmlaw.com*

*ATTORNEY RACHAEL NEVAREZ*
*rsnevarez@wmlaw.com, mlbooth@wmlaw.com*

**PLEASE TAKE NOTICE** that on ___*(N/A)*___ at_____, or as soon

thereafter as I may be heard, I shall appear before the Honorable Judge _____

or any judge sitting in his or her stead in **Courtroom**_____of the U.S. District Court of

the Northern District of Illinois, Eastern Division, 219 South Dearborn St., Chicago, Illinois and

shall present **the following motion attached hereto:**

_____*Objection to Bill of Costs*_____

### CERTIFICATE OF SERVICE

I hereby certify that on ___*May 23, 2019*___, I provided service to the person or persons listed

above by the following means: ___*ABOVE EMAIL ADDRESS*_____

Signature: ___*/S/ S. JAIN*___         Date: ___*5/23/2019*___

Name (Print): ___*S. JAIN*___

Address: ___*fedlawsuit@gmail.com*___        Phone: _____

_____

_____

Rev. 06/29/2016

RECEIVED

2019 MAY 22 PM 12:38

CLERK
U.S. DISTRICT COURT

US DISTRICT COURT
NORTHERN DISTRICT
OF ILLINOIS

Case No: 1:17-cv-00002

Minor A, Jain vs.
School District 53,
Heidi Wennstrom, et al



RECEIVED

2019 MAY 22 PM 12:38

CLERK
U.S. DISTRICT COURT