IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| S. JAIN, for herself, and as parent of and for her son "A", a minor, | |
| Plaintiff, | |
| v. | Case No. 17-cv-00002 |
| BUTLER ILLINOIS SCHOOL DISTRICT 53, et al., | Honorable Ronald A. Guzman |
| Defendants. | |

**DEFENDANTS' REPLY IN SUPPORT OF BILL OF COSTS**

NOW COME the Defendants, BUTLER SCHOOL DISTRICT 53, et al., and for their Reply in Support of their Bill of Costs, state as follows:

**INTRODUCTION**

Defendants' Bill of Costs in the amount of $5,482.66 should be awarded in full for the following reasons: 1) Defendants are prevailing parties in this litigation; 2) Defendants have provided the supporting documents for the costs claimed; and 3) Defendants have demonstrated that the expenses set forth in their Bill of Costs were necessarily incurred for use in this case. For these reasons, the Defendants' Bill of Costs should be granted in full.

**ARGUMENT**

**I. Defendants are entitled to costs as prevailing parties.**

On March 12, 2019, this court granted summary judgment to the individual defendants, Heidi Wennstrom (Superintendent of Defendant Butler School District 53); Kelly Voliva (Principal) and Lisa Owen (Assistant Principal) on qualified immunity grounds. On the same day, judgment was entered in favor of these defendants and plaintiffs' case was dismissed. As

1

such, Defendants Wennstrom, Voliva and Owen are prevailing parties under the law. Plaintiff does not dispute this fact

## II. The Expenses Claimed Were Necessarily Obtained For Use In The Case.

Under Local Rule 54.1(b), "the expense of any prevailing party in necessarily obtaining all or any part of a transcript for use in this case…shall be taxable costs against the adverse party." *See also* 28 U.S.C. Section 1920 (2). "[a] judge or clerk of any court of the United States may tax as costs… (2) fees for electronically recorded transcripts necessarily obtained for use in the case." Here, it is undisputed that defendants seek recovery for the expenses incurred for printed and electronically recorded transcripts necessarily obtained for use in the case. The specific expenses are set forth in an itemized list with supporting invoices attached to the Affidavit of Darcy L. Proctor (lead attorney for the defendants) attached in support of Defendants' Bill of Costs. The total amount requested is $5,482.66. Specifically, Defendants incurred $2,418.00 for the deposition of Student "A" and the parent plaintiffs taken on August 14, 15 and 30, 2017. All of these transcripts were used in support of the Defendants' Motion for Summary Judgment and Rule 56.1 Statement of Undisputed Material Facts.

Moreover, the charges related to the court reporter appearance fees for these depositions in the amount of $648.11 were also incurred by defendants and are included in their bill of costs. Such fees are recoverable and should be awarded pursuant to Local Rule 54.1(b), amended in 2013 to include court reporter appearance fees as recoverable costs.

Defendants also incurred the cost of $1,946.50 for the videographer services for the depositions of Student "A" and the parent plaintiffs. The depositions of the parents were videoed for use at trial for impeachment –a common practice in federal court litigation. And, in the case of minor "A", the video deposition was necessarily obtained as part of the defense strategy for

either impeachment at trial (if A was called as a live witness) or in lieu of his actual appearance at trial. Federal courts have awarded videographer service fees as recoverable costs. *Held v. Held,* 137 F. 3d 998 (7th Cir. 1998).

In addition, the defendants incurred $470.05 for certain court hearing transcripts obtained by the defense for use in the resolution of various discovery matters before Magistrate Judge Sidney I. Schenkier (See certifications from the official court reporter Pamela Warren stating that the transcript fees charged comply with the requirements of this court and the Judicial Conference of the United States dated July 25, August 24 and 25, 2017). In addition, the defense obtained the court hearing transcripts before this Court dated March 28 and May 2, 2018 to confirm plaintiffs' representations to this Court concerning whether he would be calling the grandmother of Student "A" as a damages witness at trial. As such, all of these court transcripts were necessarily obtained for use in this case and should be awarded in full under Local Rule 56.1(b) and 28 U.S.C. Section 1920 (2).

Finally, the Plaintiffs' Objection to Bill of Costs is without merit. In the end, the plaintiffs failed to put forward any argument or legal support to defeat an award of costs to the Defendants in this case. One of the risks plaintiffs take when a lawsuit is filed is if they lose a case on summary judgment or trial, the defense may recover an award of taxable costs pursuant to Local Rule 54.1(b) and 28 U.S.C. Section 1920. The result should be no different here.

## Conclusion

For all the reasons stated herein, the Defendants, Butler School District 53 and Defendants Heidi Wennstrom, Kelly Voliva and Lisa Owen respectfully pray for entry of an order granting their Bill of Costs and awarding them taxable costs in the amount of $5,482.66.

Respectfully submitted,

/s/ Darcy L. Proctor
One of the Attorneys for Defendants

Darcy L. Proctor / ARDC # 6199731
dlproctor@wmlaw.com
Rachel S. Nevarez / ARDC # 6304120
rsnevarez@wmlaw.com
WIEDNER & McAULIFFE, LTD.
One North Franklin, Suite 1900
Chicago, Illinois 60606
(312) 855-1105

## **CERTIFICATE OF SERVICE**

The undersigned, one of the attorneys of record herein, hereby certifies that on May 30, 2019, the foregoing Defendants' Reply in Support of Bill of Costs was electronically filed with the Clerk of the U.S. District Court using the CM/ECF System, which will send notification of such filing to the following:

S. Jain
fedlawsuit@gmail.com

/s/ Darcy L. Proctor