**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| S. JAIN, for herself and on behalf of her son, MINOR "A," | )<br>)<br>) |
| Plaintiffs, | )<br>) No. 17 C 0002 |
| v. | )<br>) Judge Ronald A. Guzmán |
| BOARD OF EDUCATION OF BUTLER SCHOOL DISTRICT 53, et al., | )<br>)<br>) |
| Defendants. | ) |

## ORDER

On the bill of costs [286] filed by the Board of Education of Butler School District 53, the Court denies an award of costs.

## STATEMENT

After the Court entered judgment in this case, defendant Board of Education of Butler School District 53 (the "Board") filed a bill of costs. Counsel has submitted an affidavit in support of the bill of costs, stating that the Board incurred $5,482.66 in transcript fees and deposition-related expenses. Federal Rule of Civil Procedure 54(d)(1) provides that costs should be allowed to the prevailing party unless a federal statute, the Rules, or a court order provides otherwise.

Plaintiffs, proceeding pro se, filed a response to the bill of costs in which they raise a host of objections; the Court need address only one because it is dispositive. Paragraph 5 of plaintiffs' response hints at the problem. The Board is entitled to an award of costs only if it was a "prevailing party," which is a legal term of art. "To be a 'prevailing party,' a litigant must receive at least some relief on the merits that alters the legal relationship of the parties." *Dobrzeniecki v. Brown*, No. 11 C 7956, 2015 WL 2208341, at *2 (N.D. Ill. May 8, 2015) (citing *Buckhannon Bd. & Care Home, Inc. v. W. Va. Dep't of Health & Human Res.*, 532 U.S. 598, 603-06 (2001)); *see also Beam v. Hunter*, 494 F. App'x 630, 632 (7th Cir. 2012) ("To 'prevail' a litigant must obtain a favorable judgment."). The claims asserted against the Board in the most recent complaint, the Fifth Amended Complaint, were Counts IV (willful and wanton conduct), V (intentional infliction of emotional distress), and VI (reckless infliction of emotional distress). The Board did not obtain a judgment on the merits on any of those claims. The Court dismissed Counts V and VI without prejudice for failure to state a claim, (ECF No. 208, Mem. Op. & Order of Mar. 22, 2018), and, after the Court entered summary judgment in favor of defendants Heidi Wennstrom, Kelly Voliva, and Lisa Owen (the "School Administrators") on plaintiffs'

federal claim, the Court declined to exercise supplemental jurisdiction over Count IV (ECF No. 283, Mem. Op. & Order of Mar. 12, 2019).

After plaintiffs filed their response, a reply brief was filed on behalf of "defendants" in which they argue that "[d]efendants are entitled to costs as prevailing parties" because judgment was entered in favor of the School Administrators on the federal claim. The bill of costs, however, was not filed by those defendants; it was filed by the Board, which is not a prevailing party. The Court recognizes that the Board and the School Administrators are affiliated parties, but the Board fails to present even a basic argument or citation to authority (such as an indemnity statute) for the proposition that the Court can consider those parties to be same for purposes of awarding costs. Nor did the Board seek to amend the bill of costs to add the School Administrators as claiming parties. Accordingly, an award of costs is denied.

Aside from the problem concerning the claiming party, several items listed on the bill of costs would require reduction. Costs for multiple copies of the same transcript are not recoverable, nor are additional costs incurred for counsel's convenience, such as those for condensed transcripts; added costs for expedited transcripts where no explanation of the necessity for expedition is provided; or court-reporter appearance fees in excess of the limits imposed by the Judicial Conference.

**DATE**: June 12, 2019

_____
**Ronald A. Guzmán**
**United States District Judge**